IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHASE MANHATTAN
MORTGAGE CORPORATION,

                     **Plaintiff,**

   v.                                      1:05-cv-1944-WSD

**CORLISS D. GRESHAM,**

                     **Defendant.**

## ORDER

This matter is before the Court on Plaintiff Chase Manhattan Mortgage Corporation's ("Plaintiff") Motion to Remand [3]. Defendant has failed to respond to Plaintiff's motion, indicating she does not oppose it. See L.R. 7.1B, N.D. Ga.

Plaintiff filed this action in the State Court of DeKalb County, Georgia on October 19, 2004, alleging Defendant is a tenant at sufferance of real property located in Lithonia, Georgia. Plaintiff sought a dispossessory warrant pursuant to O.C.G.A. § 44-7-50. On November 12, 2004, the State Court conducted a bench trial and issued a judgment in favor of Plaintiff. The State Court also ordered that an immediate writ of possession be issued to Plaintiff.

From November 2004 through July 2005, Defendant prevented the issuance

of an immediate writ of possession by filing an appeal of the State Court judgment and, once that measure proved unsuccessful, by initiating multiple federal bankruptcy proceedings. On July 26, 2005, after her second Chapter 13 bankruptcy case was dismissed, Defendant removed the case to this Court. Plaintiff moves the Court to remand this action to the DeKalb County State Court.

"[A]ny action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Where the propriety of removal is in question, the burden of showing removal is proper is on the removing party. Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001).

Plaintiff moves to remand this action to the state court because, *inter alia*, the Court does not have original jurisdiction. "To determine whether the claim arises under federal law, [courts] examine the 'well pleaded' allegations of the complaint and ignore potential defenses: 'a suit arises under the Constitution and

laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution.  It is not enough that the plaintiff alleges some anticipated defense to his cause of action and asserts that the defense is invalidated by some provision of the Constitution of the United States.'"  Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003) (quoting Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)); see also Murphy v. Aventis Pasteur, Inc., 270 F. Supp. 2d 1368, 1373 (N.D. Ga. 2003) ("The court must look to the plaintiff's complaint to determine whether removal was appropriate.").

Plaintiff's Complaint relies exclusively on state law, and thus does not satisfy the well-pleaded complaint rule.  In addition, Defendant fails to demonstrate grounds for the application of any exception to the well-pleaded complaint rule.  Because Defendant fails to demonstrate that the Court has original jurisdiction over this case, the Court is required to remand this action pursuant to 28 U.S.C. § 1447(c).  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand [3] is **GRANTED** and the Clerk of Court is **DIRECTED** to remand this action to the State Court of DeKalb County.

**SO ORDERED**, this 17th day of November, 2005.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE